UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK HALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15CV239 ACL |
| | ) | |
| JAMES HURLEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Mark Hall's Motion to Expand Record (Doc. 20) and Motion for Evidentiary Hearing (Doc. 21). On February 5, 2015, Hall filed the instant application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he raises two grounds for relief.

**1.      Motion to Expand Record**

Hall requests that the Court expand the record to include Petitioner's Exhibit A—a letter from Hall's post-conviction counsel Roxanna Mason. Hall contends that the letter supports his claim asserted in Ground Two that the motion court judge was biased against him.

Hall's Motion to Expand Record is governed by Rule 7 of the Rules Governing Habeas Corpus Cases under Section 2254, which provides that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." When a petitioner seeks to introduce evidence pursuant to this rule, the conditions prescribed by § 2254(e)(2) must be met. *See Mark v. Ault,* 498 F.3d 775, 788 (8th Cir. 2007). "Under 28 U.S.C. § 2254(e)(2), '[a] habeas petitioner must develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts.'" *Id.* (quoting *Cox v. Burger,* 398 F.3d 1025, 1030 (8th Cir. 2005)). "Additionally, under

§ 2254(e)(2) 'a petitioner must show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.'" *Id.* (quoting *Perry v. Kemna,* 356 F.3d 880, 889 (8th Cir. 2004)).

Here, Hall has failed to demonstrate that due diligence could not have previously discovered this evidence. The letter from Hall's counsel was available during the state post-conviction proceedings and Hall does not indicate why he did not present this evidence to the state courts. Further, the evidence offered by Hall does not exonerate him. Rather, the evidence relates to alleged bias of the motion court. The Eighth Circuit has stated that "infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction." *Williams v. Missouri*, 640 F.2d 140, 143 (8th Cir. 1981). Thus, Hall's Motion to Expand the Record will be denied.

2. **Motion for Evidentiary Hearing**

Under 28 U.S.C. § 2254(e)(2), a federal district court may not grant an evidentiary hearing unless "the applicant has failed to develop the factual basis of a claim in State court proceedings . . . [and] the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence; and [] the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." An evidentiary hearing is not necessary when the merits of a petitioner's claims may be resolved based on the state court record. *McCann v. Armontrout*, 973 F.2d 655, 658-59 (8th Cir. 1992).

Hall requests a hearing on his judicial bias claim. As previously discussed, Hall's claim would not exonerate him but, rather, relates to the post-conviction proceedings. At this stage of the litigation, it appears that the state court record contains sufficient facts to make an informed

decision on the merits of Hall's claims. Thus, Hall's Motion for an Evidentiary Hearing will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Expand Record (Doc. 20) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing (Doc. 21) is **denied without prejudice**.

Dated this 26th day of April, 2016.

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE